**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ADIB K. TIMBUKTU,

        Plaintiff,

v.                                                         Case No. 07-C-0622

DAVID A. CLARKE, JR.,

        Defendant.

## DECISION AND ORDER

Plaintiff, Adib K. Timbuktu, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and the plaintiff's motion to hold the case in abeyance. Both applications will be addressed herein.

First, the plaintiff has requested leave to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If the plaintiff does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the plaintiff must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of his prisoner trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $10.67. Thus, his motion for leave to proceed *in forma pauperis* will be granted. The remainder of the filing fee will be collected as set forth below.

Next, the plaintiff has moved to hold this case in abeyance until he is released. As grounds for his request, the plaintiff states that he is unable to access legal documents, postage, writing materials and case number information. This court has discretion to stay proceedings as an incident to its power to control its own docket. *See, e.g., Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

In the present case, the court is not persuaded that it is appropriate to stay the proceedings. First, the plaintiff has not indicated when he will be released. Second, the plaintiff's assertions regarding legal and written materials are vague. For example, it is not clear if he is completely denied access to legal materials or whether his access is merely limited pursuant to a reasonable jail policy. For these reasons, the plaintiff's motion to stay will be denied.

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

However, the plaintiff is advised that he may dismiss this case without a court order at any time before the defendant serves an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1)(A)(I). In the alternative, the plaintiff may continue to prosecute this action, in which case the court will screen the complaint under 28 U.S.C. § 1915A.

Because it is unclear whether the plaintiff wishes to continue prosecuting this action, he will be provided with an opportunity to advise the court how he wishes to proceed. The plaintiff shall within 30 days of the date of this order file a letter stating how he wishes to proceed. If the plaintiff fails to file a letter by this date, the complaint will be screened under § 1915A.

Accordingly,

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $339.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

3

**IT IS FURTHER ORDERED** that the plaintiff's motion to hold this case in abeyance (Docket # 9) be and the same is hereby is **DENIED.**

**IT IS FURTHER ORDERED** that within thirty days the plaintiff shall file a letter stating how he wishes to proceed with this case.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge