# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADIB K. TIMBUKTU,

        Plaintiff,

v.                                          Case No. 07-C-622

DAVID A. CLARKE, JR.,

        Defendant.

## ORDER

The plaintiff, Adib K. Timbuktu, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 3, 2008, the court denied the plaintiff's motion to hold this case in abeyance, granted the plaintiff's motion for leave to proceed *in forma pauperis*, and ordered the plaintiff to notify the court whether he wished to proceed with this case. The plaintiff subsequently notified the court that he does wish to proceed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir.

1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded,

-2-

a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on approximately March 11, 2007, while he was a prisoner at the Milwaukee County House of Corrections, Judge Glen Yamahiro granted him a $1000.00 personal recognizance bond. However, defendant Sheriff Clarke did not release the plaintiff until ten days later. The plaintiff claims that defendant Sheriff Clarke, "who was acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Wisconsin and the County of Milwaukee," unlawfully detained him and that he did so "knowingly, intentionally, and maliciously." (Compl. ¶ IV.B.) For relief, the plaintiff seeks $20,000 in actual damages and $50,000 in punitive damages.

Incarcerating a prisoner beyond the termination of his sentence without penological justification violates the Eighth Amendment prohibition of cruel and unusual punishment when it is the product of deliberate indifference. *See Burke Johnston*, 452 F.3d 665, 667, 669 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *Russell v. Lazar*, 300 F. Supp. 2d 716, 720 (E.D. Wis. 2004). The plaintiff must establish three elements to show deliberate indifference: (1) "that a prison official knew of the prisoner's problem and thus of the risk that unwarranted punishment was being inflicted"; (2) "that the official either failed to act or took only ineffectual action under the circumstances"; and (3) "that there was a causal connection between the official's response to the problem and the unjustified detention." *Burke*, 452 F.3d at 669 (quoting *Moore v. Tartler*, 986 F.2d 682, 686 (3rd

Cir. 1993)). Thus, the plaintiff has stated a claim predicated on the Eighth Amendment.

**ORDER**

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff pay the balance of the filing fee ($339.33) to the Clerk of Court.

**IT IS ALSO ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If

-4-

Case 2:07-cv-00622-AEG   Filed 06/19/08   Page 4 of 5   Document 13

plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s). Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge